IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRANDON RICARDO SMITH,

      Plaintiff,

v.                                  CASE NO. 1:15-cv-91-MW-GRJ

CITY OF GAINESVILLE,

      Defendant.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

      This matter is before the Court on Plaintiff's *pro se* Complaint pursuant to 42 U.S.C. § 1983, Doc. 1, and Plaintiff's motion for leave to proceed as a pauper, Doc. 2. Leave to proceed as a pauper will be granted for the limited purpose of dismissing the Complaint, because the facts alleged fail to state a claim upon which relief can be granted against Defendant City of Gainesville and the Complaint is foreclosed by *res judicata*.

## Standard of Review

      A  federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e).  A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v*

*Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law.  *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  The plaintiff must allege facts showing an affirmative causal connection between each specific defendant's conduct and the alleged deprivation of his constitutional rights. *Zatler v. Wainwright,* 802 F. 2d 397, 401 (11th Cir. 1986).   If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal.  *Id.* at 737-38.

A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state.  *Edwards v. Wallace Community College*, 49 F.3d 1517, 1522 (11th Cir. 1995) (citing *West v. Atkins*, 487 U.S. 42, 48-50 (1988)). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual."  *Id.* at 1523 (citing *Monroe v. Pape*, 365 U.S. 167, 183-84 (1961) (*overruled on other grounds by Monell v. Department of Social Servs.,* 436 U.S. 658 (1978))).

In *Monell*, 436 U.S. 658 (1978), the Supreme Court held that municipal entities – like Defendant City of Gainesville/Gainesville Police Department– cannot be held liable under a theory of vicarious liability or *respondeat superior.*  The only theory under which a governmental entity can be held liable under section 1983 is when the unlawful conduct, which caused the injuries, constitutes an official policy or custom.  *Id.* 694.

## Background and Facts

The Complaint stems from an incident during which Plaintiff was stopped by Gainesville Police Department Officer Jeremiah Kelly.  The incident culminated in Plaintiff's arrest for disturbing the peace.  These same facts are the subject of another case presently pending in this Court: *Smith v. Kelly*, Case No. 1:13-cv-166-MW-GRJ. In that case, Plaintiff also named the City of Gainesville/Gainesville Police Department as defendants, and alleged those defendants violated his constitutional rights in connection with the incident.  Specifically, Plaintiff alleged that he was never read his *Miranda* rights, and Officer Kelly denied his request to have his attorney present while he was being questioned.  Plaintiff also alleged that police officers searched his car, despite Plaintiff's refusal to grant them consent to search.  The Complaint alleged malicious prosecution and false arrest.  The Court concluded, after allowing Plaintiff an opportunity to amend the complaint, that the Amended Complaint failed to state a claim for relief against the City of Gainesville/Gainesville Police Department.  All claims against those Defendants were dismissed, and judgment was entered in Defendants' favor.  *See Smith v. Kelly*, Case No. 1:13-cv-166-MW-GRJ Docs. 7, 11 (Jan. 3, 2014). Plaintiff's claims against Officer Kelly remain pending.  *See id.*

## Discussion

In the instant Complaint, Plaintiff again has failed to state a claim for relief against Defendant City of Gainesville, for the same reasons that the previous case against Defendant was dismissed.  Plaintiff alleges that the City of Gainesville violated his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments during the incident with Officer Kelly.  Doc. 1.  As the Court concluded in the previous case, the

City of Gainesville and/or the Gainesville Police Department cannot be held liable under a theory of *respondeat superior*, as discussed above.  This means that the City/Police Department cannot be liable simply because they employ police officers who may have committed constitutional violations.  The City's liability can only be based upon an unlawful policy or custom, as dictated by *Monell.  Id.* 694.  The instant Complaint is devoid of any allegation giving rise to liability under *Monell.*  Doc. 1.

The Court further concludes that the affirmative defense of *res judicata* is clearly applicable to Plaintiff's claims against the City of Gainesville.  *Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).  An action is barred by prior litigation if: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases.  *Schafler v. Indian Spring Maintenance Ass'n*, 139 F. App'x 147, 150 (11th Cir. 2005).   The instant Complaint satisfies each of these factors, and Plaintiff's claims are therefore foreclosed.

In view of the fact that Plaintiff's prior case against the City of Gainesville was dismissed upon his Amended Complaint for the same reasons discussed above, the Court concludes that amendment of the instant Complaint would be futile.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, Doc. 2, is **GRANTED.**

It is respectfully **RECOMMENDED** that the Complaint be dismissed for failure to state a claim upon which relief may be granted and as foreclosed by *res judicata*, and

that Plaintiff be **WARNED** that the filing of repetitive cases alleging the same claims as alleged in previously dismissed cases, will be met with the imposition of sanctions.

**IN CHAMBERS,** at Gainesville, Florida, this 18th day of May 2015.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**